**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:13CV1127** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **JAMES R. WILLIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

   This matter comes before the Court upon the Motion (ECF DKT #31) of Plaintiff,

United States of America, for Summary Judgment.  For the following reasons, the Motion is

granted.

**I. FACTUAL BACKGROUND**

   By warranty deed dated June 6, 1972, recorded at Book 13106, Page 219 with the

Cuyahoga County Recorder's Office, James R. Willis and Juanita Willis acquired the real

property located at 3016 E. Belvoir Oval, Shaker Heights, Ohio 44122 (the "Belvoir

Property") which is more specifically described as:

> And known as being Sub Lot No. 8 in The Belvoir Realty
> Company's Subdivision of part of Original Warrensville Township
> Lot No. 36, as shown by the recorded plat in Volume 144 of Maps,
> Page 12, of Cuyahoga County Records, and being 100 feet front on
> the Northwesterly side of East Belvoir Oval, and extending back
> 200 feet on the Northeasterly line, 220.54 feet on the
> Southwesterly broken line, and being 20.97 feet wide in the rear, as
> appears by said plat, be the same more or less, but subject to all
> legal highways.

By quit claim deed dated December 29, 1997, recorded at Volume 97-13564, with the Cuyahoga County Recorder's Office, Juanita Willis acquired her husband's interest in the Belvoir Property for minimal consideration.  (ECF DKT #31-2).

On February 12, 2004, James Willis filed a divorce action in the Domestic Relations Division of Cuyahoga County Common Pleas Court (Case No. DR04-297259).  The Domestic Relations Court entered Judgment on December 16, 2004, providing for the division of marital property and decreeing that James Willis was awarded Juanita Willis' interest in the Belvoir Property.  (ECF DKT #31-3).  The conveyance to James Willis was never recorded; but his ex-wife has disclaimed any interest in the Belvoir Property or proceeds from any sale.  (ECF DKT #13).

Beginning in August of 1998, a delegate of the Secretary of the Treasury gave notice of assessments to, and made demand for payment of the assessments upon James Willis, for his federal income taxes (Form 1040), federal employment taxes (Form 941), federal unemployment taxes (Form 940), and a civil penalty for failure to file a correct information return pursuant to 26 U.S.C. § 6721.  (IRS Declaration, ECF DKT #31-4).  Despite notice and demand, James Willis has failed, refused, or neglected to pay the tax assessments in full; and he remains indebted to the United States in the total amount of $238,901.93 as of March 12,

-2-

2014, including interest and statutory accruals.  The Secretary of the Treasury filed notices of federal tax liens in Cuyahoga County for the unpaid federal income tax liabilities.  (ECF DKT #31-4 & #31-5).

On March 11, 2009, the United States instituted a civil action in the United States District Court for the Northern District of Ohio (*United States v. James R. Willis*, Case No. 1:09CV542) seeking a money judgment for all assessments, excluding the 2008, 2009 and 2011 income taxes.  On February 15, 2011, the parties entered into an Agreed Judgment for the amount of $179,171.49, plus statutory additions from December 31, 2010, including interest pursuant to 26 U.S.C. §§ 6601, 6621 and 6622 and 28 U.S.C. § 1961(c).  (ECF DKT #31-6).

On April 2, 2012, the United States filed an Abstract of Judgment in the Cuyahoga County Recorder's Office, creating a judgment lien in the amount of the judgment, costs and interest against all real property of the judgment debtor, James R. Willis, in the County.  (ECF DKT #31-7).

On May 20, 2013, the United States filed the within Complaint, seeking a judgment enforcing its federal tax and judgment liens against the Belvoir Property.

The United States and the Cuyahoga County Treasurer have stipulated that, if any real property taxes are due at the time the Belvoir Property is sold, the County taxes will be given priority over the Government's tax and judgment liens.  The County further stipulated that it has no objection to the sale of the Belvoir Property.  (ECF DKT #15).

The Ohio Department of Taxation also does not object to the sale of the Belvoir Property; and the federal tax liens take priority over the state tax liens, except for the federal

-3-

tax liabilities for the period ending December 31, 2011, which were assessed on November 12, 2012.  (ECF DKT #30).

The United States filed its Motion for Summary Judgment (ECF DKT #31) on March 12, 2014.  No opposition has been filed.

## II. LAW AND ANALYSIS

## Motion for Summary Judgment - Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether

-4-

summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Unopposed Motions**

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

**Tax Liens, Judgment Liens and Enforcement**

When a taxpayer refuses or neglects to pay a tax after payment is demanded, a lien is created in favor of the United States upon all property, real or personal, belonging to such taxpayer. 26 U.S.C. § 6321. Tax liens arose in favor of the United States upon the date of each assessment against Mr. Willis, beginning on August 24, 1998.

-5-

A judgment in a civil action shall create a lien on all real property of a judgment debtor upon properly filing a certified copy of the abstract of the judgment.  28 U.S.C. § 3201(a).  The United States filed a certified Abstract of Judgment on April 2, 2012 in the Cuyahoga County Recorder's Office.  The Court is authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3201(f), to order the United States to sell any real property subject to the judgment lien.

26 U.S.C. § 7403(a) entitles the United States to file a civil action in a district court to enforce its federal tax liens.  The district court shall determine the merits of all claims to and liens upon the debtor's property and may decree a sale of such property.  26 U.S.C. § 7403(c).

Furthermore, in post-judgment proceedings, the United States is entitled to recover a surcharge of ten percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement of its claim.  28 U.S.C. § 3011.  Mr. Willis has not made voluntary payments toward the stipulated judgment (ECF DKT #31-6 & #31-7); and the United States has been compelled to file this enforcement action.

### III. CONCLUSION

In sum, there are no genuine, material facts in dispute.  The United States has submitted affidavit/declaration evidence and public record evidence which has not been controverted.  As a matter of law, the United States has established it position as a lienholder and its right to enforce its tax and judgment liens against Mr. Willis's property.  Moreover, the Court considers Mr. Willis's failure to file an Opposition Brief to be a "confession" to the Summary Judgment Motion's merit.

Therefore, the Court grants the Motion (ECF DKT #31) of Plaintiff, United States of America, and enters judgment against Defendant, James R. Willis, ordering that:

1.  The United States has valid tax and judgment liens that it may foreclose against the real property located at 3016 E. Belvoir Oval, Shaker Heights, Ohio 44122.

2.  The United States may sell the Belvoir Property in accordance with the General Foreclosure Order of the United States District Court for the Northern District of Ohio, Eastern Division, free and clear of all rights, titles, liens, claims, and interests of the parties in this matter.  The proceeds of such sale shall be distributed, after the cost of sale, according to law and the stipulations entered in this case.

3.  The United States is entitled to a ten percent surcharge on the Agreed Judgment of $179,171.49, plus interest and costs from December 31, 2010, pursuant to Section 3011 of the Federal Debt Collection Procedure Act.

4.  The United States is authorized to take any necessary actions to effectuate the conveyance of the interest of Juanita E. Wooten (formerly Willis) in the Belvoir Property to James R. Willis, as specified in the Divorce Judgment, which may include recording instruments with the County Auditor and Recorder.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated:  May 20, 2014

-7-